CULLEN, J.
The plaintiff and the defendant William are brothers, and the defendant Susanna is their mother. The plaintiff is a carpenter and builder by trade. The defendant William has been a marine engineer. About the year 1878-an inheritance in Ireland fell to the defendant William. William, being unable to give the matter his personal attention, sent the plaintiff to Ireland to receive and convert the property. The inheritance realized about $14,000. There is a dispute between the parties whether William gave the plaintiff one-half of the amount recovered or not, but the question is not material in the disposition of *616 this case. The whole proceeds of the property in Ireland were left in the hands of the plaintiff, who; on his return to this country, with such proceeds as capital, bought and sold lands, and erected buildings. In 1888 and 1890 the plaintiff conveyed the three plots of land, the subject of this action, to his mother Susanna. As he testifies, he told her it was as security for hi® brother William for the money he owed him, and also as support, for his mother in case of the plaintiff’s death. In 1892 the defendant William instituted an action against the plaintiff, claiming that he and Edward were partners in the business of buying lots, building houses, and selling the same, and that the various, pieces of property which then stood in the plaintiff’s name were partnership property. He prayed, as relief, that ah account be had of the partnership transactions, that the property be sold, and out of the proceeds he be paid the capital originally contributed by him, and also half of the, profits. The plaintiff appeared in that action. Before trial the suit was compromised and settled between the parties. The testimony of William’s lawyer in that-action, and also that of the attorney and that of ,the counsel who appeared for the present plaintiff, Edward, is to the effect that, in-the settlement and division of the property, the property in dispute, which had been conveyed to Susanna, was taken by William at a valuation, as a part of his share in the distribution of the partnership assets. At the time of the settlement William executed to Edward a general release, and afterwards the defendant Susanna; conveyed to William the premises previously conveyed to her by Edward. ' The plaintiff did not, on the trial, contradict the evidence, as to the settlement, given both by his own attorneys and' by the attorney of William.
The claim of the plaintiff’s counsel, as I understand it, is that, the conveyance by the plaintiff to his mother, being a security for the debt of William, constituted only a mortgage, and that, being: a mortgage, it was merely a lien on the premises conveyed, the title to which remained in the plaintiff; that the subsequent settlement between the parties could not operate to pass the plaintiff’s title in the premises to the defendant William, because such agreement was wholly by parol, and that there was nothing in the agreement, or the acts of the parties thereunder, that would take it out of the-statute of frauds, and the further claim that the release executed by William discharged the mortgage created by plaintiff’s conveyance to his mother Susanna. Conceding, for the moment, this* whole claim, both on the facts and the law, we think there is a. complete answer to the plaintiff’s right to maintain this action. Assuming that the legal title to'the property remains in the plaintiff, despite his settlement with William, his1 claim is concededly wholly inequitable, and a* court of equity would give him no relief,, no matter his legal rights may be. The foundation stone of equity-jurisprudence is that who seeks equity must do equity. Therefore, in* this case, equity would do nothing for the plaintiff, but leave him to enforce his rights as best he might.
But, on* the facts, we think that the plaintiff has no title to the lands in controversy. He conveyed the premises to his mother, as *617 security for his debt to William. That conveyance, as the transaction stood at the time, may have constituted nothing more than a. mortgage. The plaintiff testifies that the transaction, as to that conveyance, was wholly between his mother and himself, and William was not a party to it; nor is he shown to have known until a subsequent time, anything concerning the terms and conditions on. which the conveyance was made. Subsequently, and before the settlement, plaintiff, in response to defendant William’s demand for the payment of his share of the moneys, told him: “Here is the stable and the house, and the house up at seventh avenue. I have made it over in the old woman’s name for you.’’ Ho intimation was given that the conveyance to the mother was simply a mortgage. Relying on that statement, the subsequent settlement between the parties was made, the defendant William assuming the-burden of obtaining a conveyance to himself from bis mother,—a conveyance which was afterwards made. We are clear that the-character and effect of the conveyance by the plaintiff to his-mother was not determined by the transaction that occurred at the-time, but by what subsequently took place between the plaintiff and his brother William, the sole parties in interest; and that... from the time that such settlement was made, the deed executed by the plaintiff operated as an absolute conveyance, or, at least, that he was estopped from asserting to the contrary; the defendant. William having settled with him on the strength of his statement that the conveyance was absolute.
The judgment appealed from should be affirmed, with costs,
All concur.