(3 App. Div. 171.)

In re NISBET et al.

(Supreme Court, Appellate Division, Second Department. April 7, 1896.)

CERTIORARI—PETITION—REVIEW OF ASSESSMENT.

A petition for certiorari to review an assessment alleged, in the language of Laws 1880, c. 269, § 1, that the assessment complained of was erroneous by reason of overvaluation, or was unequal in that it had been made at a higher proportionate valuation than other real property on the same roll by the same assessors, and that petitioners would be injured by such erroneous and unequal assessment. *Held* sufficient to confer jurisdiction to issue the writ, it not being necessary to allege that the property was assessed at a higher rate than property in the city generally.

Appeal from special term, Westchester county.

Application of William F. Nisbet and another for writ of certiorari to Caleb F. Underhill and others, assessors of Yonkers, to review assessments. From an order dismissing a writ after its allowance, and an order denying a motion to amend the petition, petitioners appeal. First order reversed. Second order affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

S. H. Thayer, for appellants.
James M. Hunt, for respondent.

BROWN, P. J. The petitioners in this proceeding are taxpayers in the city of Yonkers, and seek a review by certiorari of the assessment upon their real property. The writ having been allowed, and the return thereto having been made, the proceedings were dismissed on the motion of the assessors, upon the ground that the petition was insufficient. We are of the opinion that this ruling cannot be sustained. The petition alleges that the assessment complained of is erroneous by reason of overvaluation, or is unequal in that it had been made at a higher proportionate valuation than other real property on the same roll by the same assessors, and that the petitioners will be injured by such erroneous and unequal assessment. This allegation is in the language of the statute (Laws 1880, c. 269, § 1), and is sufficient to confer jurisdiction upon the court to issue the writ. Railway Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008; In re Corwin, 135 N. Y. 245, 32 N. E. 16; People v. Commissioners, 144 N. Y. 483, 39

N. E. 385. The rule applied in the cases cited is that the petition is in the nature of a pleading, and conclusions of fact only need be stated, and not the evidence necessary to support them.

The only criticism made upon the petition is that it should have been alleged that the property was assessed at a higher proportionate rate than property in the city of Yonkers generally. To sustain this criticism we are referred to the case of People v. Badgley, 138 N. Y. 314, 33 N. E. 1076, where that rule was applied by the court of appeals. That case was, however, an appeal from an order which reduced an assessment, and what was said by the court had reference to the testimony in the case, and not to the allegation of the petition. We think that it was sufficient, to confer jurisdiction upon the court, that the allegation of overvaluation and inequality of assessment was set forth in the petition in the language of the statute. This conclusion renders it unnecessary to consider the question as to the amendment of the petition.

The order dismissing the writ must be reversed, with $10 costs and disbursements, and the order denying the motion to amend the petition must be affirmed, without costs. All concur.

---

(3 App. Div. 205.)

### MORRISON v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. April 7, 1896.)

1. PERSONAL INJURIES—NEGLIGENCE IN FAILING TO CONSULT PHYSICIAN—EVIDENCE.

In an action for the loss of plaintiff's eye, caused by his being struck by a cinder from defendant's train, plaintiff testified that, after the injury, which occurred at between 3 and 4 o'clock in the afternoon, he was unable to see with the injured eye, and that soon thereafter the eye began to discharge pus; that, during the night he bathed his eye himself, and on the following day consulted a physician, who directed him to an oculist, whom he consulted the day after. *Held*, that the question whether defendant was negligent in failing to sooner consult a physician was for the jury.

2. SAME—DAMAGES.

In an action for personal injuries, the measure of damages for the loss of earning power is not a sum the income from which would be equal to the difference between the amount he could have earned if uninjured and that he is able to earn in his injured condition.

Appeal from trial term, Kings county.