---

### In re NOLL.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

GUARDIAN AND WARD—EXECUTORS AND ADMINISTRATORS—SURETIES.

Where a decree settling the accounts of an administrator directs him to deposit certain sums to his credit as guardian of the heirs, he becomes liable in that capacity, and the sureties on his guardian bond cannot set up, as a bar to their liability, that, before the decree was made, he had misappropriated the funds in his hands as administrator, and never received them as guardian.

Appeal from surrogate's court, Kings county.

Judicial settlement of the account of Frederick Noll, as general guardian of Emelie Weimann, Charles J. Rasweiler, Frederick Rasweiler, and John Rasweiler. From the decree entered on the petition, John G. Landmann and Claus Torney, sureties on the official bond of Frederick Noll, Charles J. Rasweiler, Frederick Rasweiler, and John Rasweiler appeal. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Thomas J. Farrell, for appellants.

P. W. Ostrander, for respondent Weimann and the special guardian of the infants Rasweiler.

James D. Bell, for respondent Noll.

BRADLEY, J. This proceeding was instituted by the petition of Emelie Weimann to require Frederick Noll to file his account as general guardian, and to have it judicially settled. He filed his account, and presented to the surrogate his petition for a change of the proceeding from a compulsory to a voluntary accounting. Thereupon a citation was issued, requiring his wards, also Landmann and Torney, his sureties, to appear and attend the judicial settlement of the account of the general guardian. The sureties appeared, and filed verified answers, alleging objections to such account. They were overruled by the surrogate, and, as there were no other objections to the account, decree was entered in accordance with the statement of it as filed by the guardian. The insistence on the part of the appellants is that the court erred in dismissing the alleged objections to the account. The facts stated, and to which the answers of the appellants related, were that in October, 1893, Noll was appointed such guardian; that he was then administrator, etc., of Charles Rasweiler, deceased, who was the father of his wards; that the property to which they were entitled was then part of the estate which had come to him as administrator; that his accounts as administrator were duly settled, and in March, 1895, a decree was entered in the surrogate's court whereby the interests and shares of his wards and of the other next of kin of his intestate were separately stated; that in July, 1895, on the petition of Landmann and Torney, an order was made by the surrogate revoking his letters of guardianship on his failure to give other sureties in his official bond; and that since such revocation he had received no money or other property belonging to his wards or any of them. These facts are not questioned, but they allege in such answers, by way of objections, that the property referred to in the account filed was received by Noll as such administrator; that the decree settling his account as administrator directed that he, as such, deposit the specified sums in separate accounts in the name of Noll, as general guardian; that he had not done so; that he did not at the time of making such decree, or thereafter, have such amounts in his hands; nor did he ever, as general guardian, receive or become possessed of the amounts found by such decree

to be due to the wards; and that, if he ever received or held those amounts, he received and held them as such administrator, and had misappropriated and converted the same to his own use, prior to his appointment as such general guardian.

It evidently was not the purpose of the contestants to attack the decree of the surrogate's court made on the judicial settlement of the account of Noll as administrator; but their contention is that, although he was chargeable as administrator with the sums he was directed to deposit in his name as guardian, he did not then have in his hands any part thereof, and consequently did not comply with the direction of the decree. It is not asserted by the contestants that this condition was occasioned in the due course of administration of the estate of the intestate, but that, before his appointment as guardian, Noll had misappropriated and converted to his own use the funds, and therefore he, as guardian, received none from himself as administrator. This proposition is not tenable. He was chargeable as guardian with the amount to which his wards were entitled of the assets which came to him as administrator. And for the performance of his trust as guardian, by the discharge of his liability as such, the security furnished by his official bond in which the contestants were sureties is effective. To that extent, and for such purpose, the requisite amount must be deemed held by him as guardian. This sum was specified in the decree made on the judicial settlement of his accounts as administrator. The contestants do not challenge this decree so far as relates to his then liability to account for the amount he was directed as administrator to deposit in his name as guardian. It is true that it does not appear by the terms of the decree of the surrogate that Noll was discharged as administrator; but the judicial settlement there declared was in legal effect final, the amount of the fund to which his wards were respectively entitled was adjudged, and he was directed to hold it in his relation as guardian. For that purpose it is not important in what capacity it was received by him. As to that, the statute provides that:

"Where it was received by him, or came under his control, by virtue of letters previously issued to him, in the same or another capacity, an action to recover the money * * * may be maintained upon both official bonds; but, as between the sureties upon the official bond given upon the prior letters and those upon the official bond given upon the subsequent letters, the latter are liable over to the former." Code Civ. Proc. § 2596.

It does not seem necessary to determine whether or not the sureties upon the bond of the administrator would be liable for the default of Noll in complying with direction of the decree. His default in payment to his wards of the sum to which they are entitled when their right to receive it accrues is that of him as general guardian.

In the view taken, the cases cited by the appellants' counsel in support of his contention that the sureties in his official bond as administrator are or may be liable have no essential application to the questions here for consideration. In Potter v. Ogden, 136 N. Y. 384, 33 N. E. 228, relied upon by the learned counsel, the ac-

tion was brought against the sureties in the administrator's bond to recover the plaintiff's distributive share in the estate of her ancestor. The plaintiff, at the time of the intestate's death, and for many years thereafter, was an infant. A decree of the surrogate was made, judicially settling the account of the administrator, by which the amount due the plaintiff was declared, and, by order then made, a person was appointed general guardian of the plaintiff. The questions presented were whether the decree and order were effectual against her. The court held that, for want of jurisdiction of her person, the decree and order were, as against her, void, and therefore the sureties in the administrator's bond were liable.

It may be assumed that, if the administrator and the guardian had been different persons, the objections of the contestants would not have been summarily overruled. But where the obligation as administrator to pay, and the right and duty to receive as guardian, are united in the same person, as in the present case, he becomes charged in the latter capacity. This was the situation that arose when the surrogate's decree was perfected; and it is no objection available to the sureties on his official bond as guardian for them to allege that, prior to that time or to the time of his appointment as guardian, he had misappropriated and converted to his own use the fund which came to him as administrator, and to which his wards were entitled. As he had received such fund, and had not disposed of it in the administration of the estate, he, in legal contemplation, had it in his custody at the time the decree was made; and his liability to account for it conclusively charges him with having the requisite fund, for the purpose of the effectiveness of the obligation assumed by the sureties in his official bond as guardian.

The decree of the surrogate's court should be affirmed. All concur.