plementary to execution in an action entitled "George C. Haines against John F. Dorthy." No opinion. Order affirmed, with costs against the appellant.

MOUBRAY, Appellant, v. MOUBRAY, Respondent. (Supreme Court, Appellate Division, Second Department. October 6, 1896.) Action by Margaret Moubray against William J. Moubray. No opinion. Order affirmed, with $10 costs and disbursements. All concur. See 38 N. Y. Supp. 459.

In re MURRAY HILL BANK. (Supreme Court, Appellate Division, First Department. November 20, 1896.) In the matter of the Murray Hill Bank. No opinion. Motion granted. First question allowed as amended.

MYERS et al. v. POLHEMUS. (Supreme Court, Appellate Division, Third Department. October 29, 1896.) Action by John R. Myers and others against Josephine Polhemus. No opinion. Motion denied, without costs to either party. See 38 N. Y. Supp. 1147, and 40 N. Y. Supp. 1146.

NATIONAL BANK OF KINDERHOOK v. FARRAR et al. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by the National Bank of Kinderhook against Alonzo H. Farrar and others. No opinion. Judgment affirmed, with costs. All concur.

NIENDORFF v. MANHATTAN RY. CO. (Supreme Court, Appellate Division, First Department. November 6, 1896.) Action by Otto Niendorff against the Manhattan Railway Company. No opinion. Motion denied, with $10 costs and disbursements. See 38 N. Y. S. 690.

In re NISBET et al. (Supreme Court, Appellate Division, Second Department. December 15, 1896.) Application by William F. Nisbet and Martha A. Aborn for a writ of certiorari to Caleb F. Underhill and others, as assessors of the city of Yonkers, to review assessments. No opinion. Order reversed, and motion granted, without costs. All concur. See 38 N. Y. Supp. 392.

NIXON, Appellant, v. TYLER, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Proceeding for the examination of Carile M. Nixon, third person in proceedings supplementary to execution. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

In re NOLL. (Supreme Court, Appellate Division, Second Department. December 15, 1896.) Judicial settlement of the account of Frederick Noll, as general guardian. No opinion. Order amended by striking out the word "costs," and adding the words "one bill of costs to the respondents other than Frederick Noll, and none to him." See 41 N. Y. Supp. 765.

NOONAN, Respondent, v. UNION FERRY CO. OF NEW YORK & BROOKLYN, Appellant. (Supreme Court, Appellate Division, Second Department. October 20, 1896.) Action by William Noonan against the Union Ferry Company of New York & Brooklyn. No opinion. Judgment and order affirmed, with costs. All concur.

NOYES et al., Respondents, v. METROPOLITAN BANK, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by John S. Noyes and George P. Sawyer against the Metropolitan Bank, impleaded, etc. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

NUTTING, Respondent, v. PELL et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 13, 1896.) Action by Lee Nutting against Albert W. Pell, Arthur O. Pell, and William Pell, Jr. No opinion. Order reversed, and motion denied, with costs. All concur.

OAKLEY, Respondent, v. COKALETE, Appellant. (Supreme Court, Appellate Division, Second Department. October 6, 1896.) Action by Mahlon B. Oakley against John S. Cokalete. David W. Travis, for appellant. Silas J. Owens, for respondent.

CULLEN, J. This action is brought to dissolve a partnership alleged to exist between the parties, and for an accounting. The defendant answered, denying the partnership, and alleging that the plaintiff was simply an employé of the defendant under an agreement by which the former was to receive one-half of the net profits of the business as compensation for his services. It appeared that the plaintiff had been carrying on business on his own account, the store or shop being the defendant's property; that, at the time of the change in the business, the plaintiff was indebted to the defendant for rent, and he assigned the stock and fixtures to the defendant by a bill of sale. The defendant testified that it was in payment of the debt; the plaintiff that it was security for it. The question whether the plaintiff was a partner or an employé is of no practical importance, as we think that, in either aspect of the case, by a proper statement of the accounts, plaintiff is indebted to the defendant, and not the defendant to the plaintiff. We shall, therefore, assume that the parties were partners. The trial court found that the plaintiff contributed to the partnership $352.69; that during the partnership the plaintiff drew out $79.75, and the defendant $20; that at the time of the commencement of the partnership the plaintiff was indebted to the defendant in the sum of $230; that during the partnership he became further indebted in the sum of $70 for house rent, and $20 moneys of the defendant collected by the plaintiff. On these facts the court stated the account as follows: