### In re NISBET et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. TAXATION—ASSESSMENT—GRIEVANCE DAYS—CERTIORARI—ESTOPPEL.

Certiorari to review an assessment was sued out before the expiration of the grievance days, but the roll had been made up, and the objections of petitioners overruled, and the assessors had refused to change the valuation. The assessors moved to quash the writ for other reasons, but the ground that it was premature was first urged at the close of the whole case before the referee. *Held*, that the assessors, having litigated the merits, were estopped to raise the question.

2. SAME—VALUATION.

An assessment on a basis of 70 per cent. amounted to $70,000. The evidence of the owners tended to show that the actual value did not exceed the assessed value, the testimony of 10 witnesses varying from $65,000 to $76,120. The testimony of five witnesses for the assessors varied from $102,000 to $128,000. The referee found the actual value to be $75,000. The property was raised to a considerable height above the surrounding streets, and was composed of rock and earth. Of the rock and earth, the cost of removal could only be approximated, and depended upon the quantity and quality of rock to be taken out, and hence the market value is largely a matter of opinion. *Held*, that the referee's finding was justified.

Appeal from judgment on report of referee.

Certiorari by William F. Nisbet and Martha A. Aborn against Caleb F. Underhill and others, assessors of the city of Yonkers. There was a judgment for relators, and respondents appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James M. Hunt, for appellants.

Ralph E. Prime (S. H. Thayer, Jr., on the brief), for respondents.

HATCH, J. The appellants claim that judgment should have passed in their favor for the reason that the time in which the property owner might complain of an irreguar, erroneous, or unequal assessment had not expired, and that the assessors had not finally acted thereon, in consequence of which the assessment had not become final when the writ was sued out. The petition upon which the writ issued was verified on the 17th day of September, 1895, and the writ issued upon the next day. The grievance days did not expire until the 25th day of September, and had not been reached when the writ issued. It appeared, however, that the roll was made up at the time when the writ was sued out, and, so far as the property affected by this proceeding is concerned, the assessed valuation remained the same after grievance days as before. The petition avers that prior to the days fixed by the assessors in their notice for hearing complaints, and when the completed roll was on file in the office of the assessors for the purpose of examination by those assessed, the petitioners presented objections to the assessments, the subject of this proceeding, to the assessors, and the assessors then declined to change the assessments. The petition further averred that the petitioners offered at that time to be examined under oath, and to produce other testimony, but that the assessors declined to receive the same. The return to the writ denied that the assessors refused to examine the petitioners on oath, but there was no denial that objections were made to the roll by the petitioners, and that the assessors declined to change the assessment. After the writ issued, a motion was made by the assessors to quash the same, for the reason that the grounds upon which it was based were insufficient in law to authorize relief. There does not appear to have been any suggestion at this time that the writ was prematurely issued. The motion was granted at the special term, but upon appeal the same was reversed, and the petition held to be sufficient. In re Nisbet, 3 App. Div. 171, 38 N. Y. Supp. 392.

It is to be observed that the provision of the statute authorizing complaints to be made to the assessors is for the protection of the taxpayer and the redress of his grievance. The municipality needs no protection in this regard, as it has no grievance. People v. Neff, 15 App. Div. 8, 44 N. Y. Supp. 46, affirmed on appeal on opinion below, 156 N. Y. 701, 51 N. E. 1093. The assessors had in fact acted upon these assessments, and refused to reduce them. They

could not subsequently change them, except upon the complaint of the taxpayer. People v. Forrest, 96 N. Y. 544.

This being the situation, and assuming, without deciding, that the roll did not become complete until the expiration of the last grievance day, we are of opinion that the question now sought to be raised must be held to have been waived both by a failure to put it completely in issue by the return, and by not making it one of the grounds upon which the motion to quash the writ was based. In addition to this, it appears that the question was not raised by any motion to dismiss at the commencement of the hearing before the referee or at the close of the petitioners' proof. It was only at the close of the whole case that the question was suggested. Having chosen to litigate the whole matter upon the merits, the appellants should be held estopped from raising such question upon the submission of the matter to the referee. There was considerable diversity of view as to the value of the property assessed. The basis of assessment was 70 per cent. of the actual value, or, to state it in another way, the actual value at a forced sale estimated to be 30 per cent. below actual value. The assessment of the property was upon a valuation of $100,000, amounting, upon the basis stated, to $70,000. The evidence of the petitioners tended to establish that the actual value of the property did not exceed the assessed valuation. The testimony from 10 witnesses sworn on behalf of the relators varied from $65,000, the lowest, to $76,120, the highest. The appellants called five witnesses, who fixed the actual value at $102,000, the lowest, and $128,000, the highest. The referee found the actual value to be $75,000. While it is possible, by a system of analysis of the testimony, to figure out that the property can be improved in such manner that the cost of improvement will make the property available for sale at a price which will bring its actual value to the highest sum which any witness gave, after deducting all charges, yet it is evident that the cost and subsequent market value are not certain, but rest in opinion. The property is raised to a considerable height above the surrounding streets, and is composed of rock and earth. The cost of removal can only be approximated, and depends upon the quality and quantity of rock to be taken out. It may be less in quantity, and softer in quality, than is supposed, and therefore more easily removed. It may be that the conditions are directly reversed, and the expense of removal thereby greatly increased, with a consequent depreciation in value. In view of these considerations, we are not able to see that the referee has erred in the conclusion at which he has arrived, and we also think that no technical error was committed prejudicial to the appellants.

The judgment should therefore be affirmed.

Final order on certiorari affirmed, with $10 costs and disbursements. All concur.