Decedent left a daughter, his sole heir, who died intestate, leaving only a son. The administrators of the intestate (there being no creditors) paid the daughter's interest in her father's estate, without the appointment of an administrator of her estate, to the guardian of her son. *Held*, that the payment was valid, and such guardian held the money as the property of the son, and could not be compelled to account for the sum on subsequently being appointed administrator of the mother, as such sum never came into his hands as such administrator.

In the matter of the judicial settlement of the estate of Hattie C. Maybee. Decree rendered.

Benjamin Reynolds, for administrators.

T. E. Bush, for sureties.

W. L. Thornton and George H. Carpenter, for contestants.

SMITH, S. This contest arises upon the final settlement of the estate of Hattie C. Maybee, deceased. The account of John J. Maybee, one of the administrators, is attacked on the ground that he has not charged himself with the sum of $1,838.18, which was paid to him by the administrators of the estate of Burr Wilson, deceased, prior to his appointment as administrator. Burr Wilson died October 20, 1893, and letters of administration upon his estate were issued December 8th following. He left, him surviving, a widow and one daughter, Hattie C. Maybee. Before his estate was settled, and on January 1, 1894, Hattie C. Maybee died, leaving, her surviving, John J. Maybee, her husband, and Harry W. Maybee, her only son. No administrator of Hattie's estate was appointed until May 6, 1901. Subsequent to Hattie's death, and on the 13th day of February, 1894, John J. Maybee was appointed the general guardian of his son Harry. On the 9th day of April following, the administrators of Burr Wilson filed a petition in the Surrogate's Court, and obtained an order authorizing them to pay to John J. Maybee, as guardian for Harry, his distributive share of the Burr Wilson estate, not exceeding $1,500. Thereafter, and before letters of administration were issued upon Hattie's estate, the administrators of Burr Wilson paid to said John J. Maybee, as guardian, the sum of $1,838.18. These payments were made upon the theory that Harry, upon the death of his mother, became the sole next of kin of Burr Wilson. The contestants now claim that upon Hattie's death her interest in the estate of her father passed to her personal representative, and that John having received the money, and afterward having been appointed administrator, his appointment relates back, and he is liable for the money, as administrator, under section 2596 of the Code of Civil Procedure.

The validity and force of this objection must depend upon the question of the legality of the payments to John J. Maybee as guardian. If the administrators of Burr Wilson were justified in distributing the share which would have belonged to Hattie, had she been living, to Harry, through his guardian, it necessarily follows that the same money, being lawfully in the hands of Harry's guardian as his estate, could not be a part of the estate of Hattie. Was the payment of Hattie's interest in the estate to her son Harry valid in law? As a general rule, the right to a distributive share of the estate of a decedent becomes vested upon his death, and, if the distributee dies before distribution is made, the share should be paid to his executor or administrator. Where, however, there are no creditors of the distributee, and no claims of husband or widow to adjust, a payment direct to the next of kin is valid. The same result is accomplished by a more direct method. In this case Hattie was the only next of kin of Burr Wilson, and, upon her decease before distribution of his estate, her only next of kin, Harry, became entitled to her interest in his estate, subject, of course, to the claim of her creditors and the rights of her husband. No claim is made here by either. The husband paid the claims for monument and funeral expenses, and assigned his entire interest in the estate to his son Harry. The administrators paid the money to him as general guardian, on the theory that Harry was entitled thereto as sole next of kin. They procured an order authorizing the payment as to a large part of the funds, and upon the final settlement of their accounts they were credited with and allowed the amount of such payments in full. The money, so far as it represented the interest of Hattie in the undistributed estate of her father, went precisely the same as it would, had an administrator of her estate been appointed before the distribution. The money being in the hands of the guardian as a part of the estate of the ward, it was not at any time a part of Hattie's estate, and section 2596 does not apply. Had the money come into the hands of John as a part of Hattie's estate, he could be compelled to account for it as administrator, under that section. The evidence shows that no part of this money was in John's possession or under his control at the time letters were issued to him. If it had come into his hands as administrator, he would have been liable, also, as general guardian; but it does not follow that, having received it as guardian, he was also liable for it as administrator of his wife's estate. Matter of Noll, 10 App. Div. 356, 41 N. Y. Supp. 765. These moneys never having become a part of the estate of Hattie C. Maybee, and never having come into the hands of John J. Maybee as administrator, he is not liable to account for them in this proceeding. While Hattie had a vested interest in the undivided estate of her father at the time of her death, still the part of his estate which was paid to her husband, as guardian, cannot be said to have been at any time a part of her estate.

It is not the purpose of this decision to determine the extent of the liability of John J. Maybee, or his sureties, as general guardian of Harry W. Maybee. The release of his interest in his wife's estate to his son purports to have been executed to reimburse the son for

moneys lost by him, but the value of that interest or the amount of the ward's estate cannot be determined in this proceeding.

A decree may be entered settling the accounts of the administrator as filed.

Decreed accordingly.