# N. Y. SUPERIOR COURT.

APOLLONIE MUNDORFF agt. JOSEPH WANGLER, as executor, &c., of JAMES MOORE.

*Administrator's bond — breach of — what constitutes — Surety — Evidence — Costs against executors and administrators.*

James Moore, the testator of defendant, and another as sureties, with Jacob Mundorff as principal, made their joint and several bond upon condition "that if the above bounden Jacob Mundorff shall faithfully execute the trust reposed in him as executor, &c., &c., of John Mundorff, deceased, and obey all orders of the surrogate touching the administration of the estate committed to him, then their obligation to be void," &c. In 1870 James Moore, the surety, died and left a will, under which the defendant was appointed his executor. In 1876 an order was made by the surrogate that Jacob Mundorff, the administrator, forthwith pay to the plaintiff a certain sum, which he omitted to pay. In an action against the defendant as executor of James Moore, one of the sureties on the bond, at the trial the original petition of plaintiff, citation, decree or order were produced from the surrogate's office; the recitals in the order stating facts sufficient to show that the surrogate was proceeding within his jurisdiction, and it was proved that the administrator had "omitted" to perform the decree; that the surrogate's certificate under the decree was duly docketed by the clerk of the county; that execution was duly issued and returned unsatisfied, and that the surrogate had assigned the bond given by the administrator:

*Held*, that this proof was sufficient to establish a breach of the condition that the administrator would obey all orders of the surrogate and a due assignment of the bond, and was enough to sustain the action, and required the judge to direct a verdict for plaintiff.

*Held*, further, that the provision as to the approval of an administrator's bond by the surrogate was not made for the benefit or protection of the administrator or sureties, but of creditors and distributees. If the latter do not require it, but waive their right or omit to object, the former cannot rest upon what is in the nature of an objection to their own acts.

It is not necessary that a demand for the payment of the decree should have been made upon the administrator; for an omission by the administrator to perform the decree rendered the sureties liable by the act of 1830, chapter 330, section 23; and by section 65, chapter 460,

Mundorff agt. Wangler.

Laws of 1857, the return of the execution unsatisfied gives the creditor a right of an assignment of the bond.

The surety's liability on the bond extended to defaults after his death. It was not revocable at his will; the intent of the contract covered defaults after death, not only because of the nature of the subject-matter, but because also it expressly bound his executors and administrators.

*Held,* also, that under the decision in *Keyser* agt. *Kelly* (43 *N. Y. Sup. Ct. Rep.* [*J. & S.*], 22) no costs whatever can be allowed, as the claim was not presented to the executor pursuant to section 41, title 3, chapter 6 of the Revised Statutes (*Per* FREEDMAN, J.).

*General Term, March,* 1879.

*Before* CURTIS, *Ch. J.,* SEDGWICK *and* FREEDMAN, *JJ.*

ON the 4th day of June, 1867, Jacob Mundorff with Charles Müller and James Moore, executed a bond to the people of this state, by which they bound themselves, jointly and severally, in the sum of $12,000, with a condition that if "Jacob Mundorff shall faithfully execute the trust reposed in him, as administrator of all and singular the goods, chattels and credits of John Mundorff, late of the city of New York, deceased, and obey all orders of the surrogate of the county of New York, touching the administration of the estate committed to him, then this obligation to be void, else to remain in full force and virtue."

The bond was received in evidence under the defendant's objection and exception.

The plaintiff claimed that there was a breach of the bond in this : That in the year 1870, the plaintiff commenced an action in the supreme court, against Jacob Mundorff, as administrator, to set aside a certain receipt that had been given by the plaintiff to said Mundorff, and for an accounting by said Mundorff as administrator, and that on the 20th day of October, 1865, judgment was entered in said action in favor of the plaintiff and against the said Mundorff, for $7,996.99 damages and costs.

That on the 31st day of May, 1876, on application of the plaintiff, the said administrator was directed to pay to the plaintiff said amount and the interest thereon. That on the same day a duplicate certificate of said decree was made, and on June 17, 1876, said certificate was filed in the Kings county clerk's office and a judgment was docketed. That on June 21, 1876, said certificate was also filed in the New York county clerk's office. That execution was issued on said decree to the sheriffs of said counties and by them returned unsatisfied.

That on August 2, 1876, the surrogate of New York county assigned the said bond to the plaintiff. That by an error the judgment recovered in the action in the supreme court, on October 20, 1875, was entered for $600 too much   The plaintiff claimed that such error was cured by an order made after the commencement of this action.

In the year 1870, and prior to any breach of the bond, James Moore died and left a will under which the defendant was appointed executor, to whom letters were issued on January 14 , 1871.

On the trial a number of objections and exceptions were taken by the defendant to the admission of evidence, and motions made to dismiss the complaint.

The judge directed the jury to find a verdict for the plaintiff for $8,946.96 (to which the defendant excepted), and directed the defendant's exceptions to be heard in the first instance at the general term, the judgment in the meantime, suspended.   The answer of the defendant put in issue all the allegations of the complaint except as to the death of one James Moore in 1870, and that Mr. Wangler was his executor.

One of the allegations of the complaint was that the sureties of bond were approved by the surrogate.

The only evidence offered by the plaintiff on the subject of the approval of the bond, was the evidence of Mr. McLoughlin, who was not in the office of the surrogate until eight years after the plaintiff claimed the bond was approved —

who did not know how the bond got in the book. Nothing was shown that the surrogate ever saw the bond, although there is a place on the bond where a blank is left for the surrogate to sign.

The defendant objected to the bond being received in evidence for the reason that it was not approved, and also moved to dismiss the complaint for that, with other reasons, the objections were overruled, and motion denied, to which the defendant duly excepted.

*Hall & McMahon*, for plaintiff.

*A. C. Anderson* and *John S. Lawrence*, for defendant.

SEDGWICK, *J.*— James Moore, the testator of defendant, and another as sureties, with Jacob Mundorff as principal, made their joint and several bond upon condition " that if the above bounden Jacob Mundorff shall faithfully execute the trust reposed in him as administrator, &c., &c., of John Mundorff, late of the city of New York, deceased, and obey all orders of the surrogate of the county of New York, touching the administration of the estate committed to him, then this obligation to be void," &c.

In 1870 the surety, James Moore, died.

In 1876 an order was made by the surrogate, that Jacob Mundorff, the administrator, forthwith pay to the plaintiff in this action the sum of $7,996.99, together with the costs amounting in all to $8,337,52. The original petition of plaintiff's citation, decree or order were produced upon the trial from the surrogate's office. The recitals in the order stated facts sufficient to show that the surrogate was proceeding within his jurisdiction. It was proved that the administrator had " omitted " to perform the decree (*sec.* 23, *chap.* 320, *Laws* 1830); that the surrogate's certificate under the decree was duly docketed by the clerk of the county; that execution was duly issued and returned unsatisfied, and that the surro-

gate had assigned the bond given by the administrator (2 *R. S.* [*Edm. ed.*], *secs.* 63, 64, 65, *p.* 498). The plaintiff, therefore, proved a breach of the condition, that the administrator would obey all orders of the surrogate and a due assignment of the bond. This was enough to sustain the action and required that the judge should direct a verdict for the plaintiff (*Brewster* agt. *Balch,* 41 *N. Y. Superior Court R., p.* 69; *Dayton* agt. *Johnson,* 69 *New York R., p.* 419).

The plaintiff, upon the trial, unnecessarily proceeded to establish the validity of the claim made in the petition, by producing records tending to prove that the plaintiff had procured judgment against the administrator, and to reinforce the presumption of jurisdiction by giving evidence of the filing of inventory, &c. Many objections were taken on the trial to the proofs here alluded to.

It is not profitable to notice them all in detail, in as much as if the matters were all out of the case, the court would have been bound to make the direction he did.

It is specially objected that it did not appear that John Mundorff had died, nor, therefore, that the surrogate had jurisdiction of the administration of his estate. If there was not a presumption that he had died, it would be sufficient proof by admission of defendant's testator that he acted and led others to act as if the death had occurred.

It is further urged that the obligation of the bond is not shown until it is also proved that the surrogate, as directed by statute, approved it, and there was no such proof. The provision as to approval was not made for the benefit or protection of the administrator or sureties but of creditors and distributees. If the latter do not require it but waive their right or omit to object, the former cannot rest upon what is in the nature of an objection to their own acts.

It appears that the order of the surrogate directed the payment of an amount greater than was really due to the petitioner, and in fact the order followed the judgment that had been obtained against the administrator. The plaintiff did

Mundorff agt. Wangler.

not ask that the decree be enforced as to the error but asked that a proper deduction be made. Indeed, the plaintiff recognizing the error, and before trial, acquiesced, by stipulation, in a proper reduction of the judgment. Strictly, the decree of the surrogate was a final adjudication as to the amount of the judgment. It proceeded upon an allegation of the petition, that a judgment had been obtained and an adjudication as to the existence and amount of the judgment was directly involved in the proceedings. But under any circumstances it would not be proper to consider the decree void or inoperative for such an error. If all the proceedings were taken together they furnish a correction of what was an error of computation and it could be deemed corrected.

It is objected that a demand for the payment of the decree should have been made upon the administrator. This was not necessary, for an omission by the administrator to perform the decree rendered the sureties liable by the act of 1830, chapter 320, section 23, and by section 65 chapter 460, Laws of 1837, the return of the execution unsatisfied gives the creditor a right of an assignment of the bond.

I do not see any ground for the proposition that the surety's liability upon the bond did not extend to defaults after his death. It was not revocable at his will; the intent of the contract covered defaults after death, not only because of the nature of the subject-matter but, because, also, he expressly bound his executors and administrators.

There should be a correction of the error of calculation in the amount of the verdict, viz., $200.

The exceptions of defendants are overruled and judgment for plaintiff on the direction of the court is ordered, with costs to plaintiff, but such costs are to abide the future direction of the court at special term as to the costs of this action.

FREEDMAN, J., concurs.

The plaintiff moved for costs, &c., at a special term, on the 25th day of March, 1879, and the motion was denied by FREEDMAN, J , who gave an opinion as follows:

" The costs of general term were made to abide the discretion of the court at special term as to the costs of the action, and under the decision of this court in *Keyser* agt. *Kelly* (43 *N. Y. Superior C. R.* [ 11 *J. & S.* ], 22 ) no costs, whatever, can be allowed."