Rumsey, J.
The sole question presented upon this action is whether it will lie against the surety upon the bond of a general guardian, without an accounting by the guardian, and after his death, when no personal representatives of his estate have been appointed and lie left no assets, so far as the parties have been able to discover. I think that it may now be regarded as settled that an action upon the bond of a general guardian or an administrator will not lie against the sureties without there has been an accounting or some other adjustment of the liability or some special circumstances exist to take the case out of the general rule (Hood v. Hood, 85 N. Y. 561 ; Girvin v. Hickman, 58 How. Pr. 244; 21 Hun, 316).
It may be that Hood v. Hood goes further than this, and holds that the action will not, in any event, lie without an accounting, but I do not think it is *430 necessary to examine that question now. In this case there was no accounting. Nor has the amount of the guardian’s liability been fixed in any way.
It is true, the guardian received a certain amount of money and he has not paid it to the infant. But he was not in default for not paying the money to the infant, for the infant is not yet of age and entitled to receive it. It, was never demanded of the guardian, and surely he was not in default for not paying it over. It cannot be assumed, as against the sureties, that the principal has been in default, but the fact must in some way appear. In Girvin v. Hickman (21 Hun, 319) it was conceded that the guardian had wrongfully converted the money of his ward to his own use, and because of that fact it was held that the default appeared. In Brown v. Snell (57 N. Y. 286) the guardian had rendered his account and admitted a sum due, and that was held to establish the default. In Hood v. Hood (85 N. Y. 561) it appeared that the executors had received the .assets, but the court held that that fact alone did not establish the default without an accounting.
But the plaintiff claims that there are special circumstances because of which this action will lie. These are, that there is no administrator of the deceased guardian who can be called to account under section 2606, Code of-Civil Procedure. But the plaintiff may compel the appointment of an administrator (§ 2660), and when such administrator is appointed the surrogate may require him to account '(§ 2606). Such was not the case before the first day of September, 1880 (Farnsworth v. Oliphant, 19 Barb. 30). There is now no necessity of the new guardian coming into a court of equity togetthe accounting, andfor that reason the case of Carow v. Mowatt (2 Edw. Ch. 57) does not apply.
I can see no reason for taking this case out of the *431 general rule which is that an account must be taken before the sureties are sued.
The decree of the surrogate will be conclusive upon the sureties (Gerould v. Wilson, 81 N. Y. 573). The account in Brown v. Snell (57 N. Y. 286, 298) as to which Judge G-bay held that the sureties were not bound, was a voluntary account and not the result of a decree.
The complaint must be dismissed for the reasons above stated.