FANNY B. HAIGHT, Respondent, *v.* JAMES C. BRISBIN et al., Appellants.

Where an executor is empowered and directed by the will to sell real estate, in case of gross negligence or bad faith on his part in failing to perform this duty, the surrogate has power to remove him therefor, to compel him to account, and upon such accounting to charge him with any loss to the estate resulting from such negligence or bad faith. (Code of Civ. Pro., §§ 2605, 2685.)

The surrogate has the same jurisdiction in the case of a testamentary trustee. (Code of Civ. Pro., §§ 2807, 2817.)

Until a default in this respect is established before the surrogate, an action to recover the damages resulting therefrom may not be maintained against the sureties upon a bond given by the executor or trustee.

The provision of the Code of Civil Procedure (§ 814), authorizing an action for a breach of the condition of a bond given in the course of "an action or special proceeding" has no application.

*It seems,* that in case of a default, for which the surrogate has no jurisdiction to give redress, the remedy of the party injured is in equity, to charge the executor, not by action at law upon his bond.

*Haight* v. *Brisbin* (36 Hun, 579), reversed.

(Argued October 6, 1885 ; decided October 27, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 27, 1885, which affirmed a judgment in favor of plaintiff, entered upon an order overruling a demurrer to plaintiff's complaint.   (Reported below, 36 Hun, 579.)

This action was upon a bond executed by defendant, Giles S. Brisbin, with the other defendants as sureties, given in pursu-

ance of an order of the surrogate, conditioned that said Giles S. Brisbin, as executor and trustee under the will of Catherine S. Bailey, should faithfully discharge the trusts, and obey all lawful decrees and orders of the surrogate touching the administration of said estate.

The complaint set forth a clause in the will of said testatrix directing and empowering the executor to sell and convey all the real estate of which she died seized and to invest and hold the proceeds in trust under certain trusts declared therein. As a breach of the condition of the bond it was alleged that the executor was "guilty of gross neglect or bad faith, in failing to sell said real estate and invest the proceeds as required."

Further facts appear in the opinion.

*P. C. Ford* for appellants. No action at law can be sustained against a trustee unless there has been an accounting, or an express promise to pay a certain sum. (*De Forrest* v. *Parsons*, 2 Hall [Supr. Ct.], 159; *Dias* v. *Brunnell*, 24 Wend. 9; *McCrea* v. *Purmort*, 16 id. 460; *Duval* v. *Covenhoven*, 4 id. 561; Perry on Trusts, § 17.) In whatever way, or for whatever purpose, or in whatever form trusts under wills are created, they are exclusively within the jurisdiction of courts of equity. (2 Story's Eq. Jur., § 1058; Hill. on Trustees [Am. ed.], 518 and 66, 808 and note; *Curtis* v. *Smith*, 6 Blatchf. 537; *Johnson* v. *Johnson*, 120 Mass. 465; *Davis* v. *Coburn*, 128 id. 377; *Probate Court* v. *Kimball*, 42 Vt. 320; *Cahoon* v. *Cahoon*, 48 id. 49.) The sureties cannot be prosecuted on their bond until the default of the executor has been first established in a proper proceeding against him in the Surrogate's Court. (Code of Civ. Pro., §§ 2607, 2608, 2609; *Hood* v. *Hood*, 85 N. Y. 561; *People* v. *Barnes*, 12 Wend. 492; *Stillwell* v. *Mills*, 19 Johns. 304; *Salisbury* v. *Van Hoesen*, 3 Hill, 77; *People* v. *Rowland*, 5 Barb. 449; *Thayer* v. *Clark*, 48 id. 243; *Estate of Schofield*, 3 Civ. Pro. R. 323; *Brown* v. *Balde*, 3 Lans. 287.) The bond in question being taken by the surrogate, an officer of limited jurisdiction, in pursuance of special statutory provisions, as the same statutes prescribe the mode of

its enforcement, no other can be pursued. (*Hood* v. *Hood*, 85 N. Y. 574; *People* v. *Corliss*, 1 Sandf. 247; 14 Beav. 290; *Estate of Schofield*, 3 Civ. Pro. R. 323; 1 Dem. 196; Redf. Law & Pr., Surr. Cts. [3d ed.] 402, 403; *Hancox* v. *Wall*, 28 Hun, 214; *Matter of Hunter*, 3 Redf. 175.) Whenever the real estate in question is sold, the proceeds will become legal assets in the hands of the executor, for which he will be bound to account before the surrogate as personal estate. (*Hood* v. *Hood*, 85 N. Y. 570; *Stagg* v. *Jackson*, 1 .id. 206.) Surrogates have now full jurisdiction over the accounts of testamentary trustees. They may compel a judicial settlement of their accounts and the payment of debts and legacies. (Code of Civ. Pro., §§ 2802–2820; *Glover* v. *Holly*, 2 Bradf. 291; *Gladding* v. *Follett*, 2 Dem. 58; *Daley's Estate*, 1 Tucker, 95; *Adair* v. *Brimmer*, 74 N. Y. 539; *Seaman* v. *Duryea*, 11 id. 324.)

*Edward Fitch Bullard* for respondent. The executor is personally liable for neglecting and refusing to sell the real estate. (Tiffany on Trustees, 670, 671, 680.) An action like this may be brought by leave of the court, which was granted in this case. (*Hood* v. *Hood*, 85 N. Y. 567, 573.) As the surrogate had no jurisdiction, he could never put the sureties in default under the second condition of the bond. (*Shellington* v. *Holland*, 53 N. Y. 371.) The sureties in this case gave the bond with their eyes open, and are liable for prior as well as subsequent acts. (*Schofield* v. *Churchill*, 72 N. Y. 565; Code, § 2596.) They are estopped from questioning the jurisdiction of the surrogate to require the bond. (*Thayer* v. *Clark*, 4 Abb. Ct. App. 391.) Formal objections to the bond are not fatal. (*Gould* v. *Wilson*, 81 N. Y. 573.)

FINCH, J. The argument on this demurrer concedes, as a general rule, that the sureties upon the bond of an executor or administrator are not liable until the default of their principal has been established before the surrogate. (*Hood* v. *Hood*, 85 N. Y. 561.) The respondent, however, claims that the rule is not universal and admits of exceptions, and is not to be ap-

plied in a case where the Surrogate's Court has no jurisdiction to redress the specific wrong which forms the subject of complaint. The causes of action asserted by the plaintiff were in substance that an executor, empowered and directed by the will to sell real estate, had been guilty of gross neglect and bad faith in failing to sell and invest the proceeds; and the action to redress this grievance is brought in the Supreme Court and seeks damages for a breach of the bond. The plaintiff insists that for this injury the surrogate can give no redress, and, therefore, to require his preliminary adjudication would involve an impossible condition and leave the injury inflicted without a remedy. If such a case should occur, equity would be quite sure to furnish a remedy, the specific need of its intervention being disclosed and all necessary parties being brought before the court, and that would be the appropriate remedy to charge the executor instead of an action at law upon the bond. Trust duties are peculiarly the subject of equity jurisdiction, and those of an executor or testamentary trustee are in the main sub-jected to the surrogate's control. We have quite recently considered the scope and boundaries of the jurisdiction conferred upon that tribunal. (*Hyland* v. *Baxter*, 98 N. Y. 610.) Within the principles there established we discover no reason for doubting the power of the surrogate upon an accounting to charge the executor with any loss to the estate resulting from negligence or bad faith. While it is true that in the first instance that court could not order the sale of the real estate, and take upon itself the discretion and judgment committed to the executor, it could certainly reach the justice of the case by its power of removal and its authority upon an accounting. For gross neglect, and especially for bad faith on the part of an executor in refusing to perform the duties of his trust the surrogate may remove him and settle and adjust his accounts, and charge him with any loss to the estate which has resulted from his misconduct. (Code, §§ 2685 and 2605.) Such gross neglect or positive bad faith as would justify his removal would equally justify a redress of the injury in the adjustment of his accounts. It is no answer to say that such remedy has

been tried and failed. It did not fail for lack of jurisdiction, but from a judgment adverse to the application upon its merits. (*Haight v. Brisbin*, 96 N. Y. 132.) We do not think this case comes within any of the possible exceptions referred to in *Hood* v. *Hood* (*supra*). If the present action can be deemed one in equity so also was that, and it expressly decided that no equitable action could be maintained to charge the sureties until the principal's default had been adjudged by the surrogate, unless in certain exceptional cases in which the special circumstances requiring the aid of equity are disclosed. No such special circumstances here exist, unless it be held that the surrogate, upon a proceeding ending in a removal of the executor, and as a consequence the adjustment of his accounts, could not charge him with a *devastavit* produced by his omission to sell when he might have done so, under circumstances showing gross neglect and bad faith, and establishing a definite consequential loss to the estate. Where there has been a failure to sell personal property by an executor without adequate excuse it is quite common to charge him with the resultant loss, and we can see no good reason why in a proper case the same remedy might not be applied as to the disposition of real estate. In each case there is a wrong and a loss and, therefore, a *devastavit*. Where the executor, in bad faith and with gross negligence, has withheld land from sale until it has depreciated in value, he has just as completely wasted assets as if he had willfully destroyed them or negligently permitted their injury. How, then, does he completely account when he accounts for but a part in its value of what he received? And why does not an authority to make him account justly involve the right to charge him with a willful or negligent loss which his own misconduct has brought upon the estate? It does not help the appellants to call the defendant a testamentary trustee. In that character the surrogate's jurisdiction remains. He may settle the accounts and is vested with power of removal, (Code, §§ 2807, 2817); and that in any case where the trustee has "improvidently managed or injured the property committed

to his charge," or ·been guilty of "other misconduct in the execution of his trust."

Section 814 of the Code has no application to the case.

The judgments of the Special and General Terms should be reversed, and the defendants appealing have judgment on the demurrer, with costs.

All concur.

Judgment accordingly.