Barnard, P, J.
The complaint contains but a single cause of action. The bond on which the complaint is based *685 is an executor’s bond. The executor and his sureties undertook an obligation that the executor would faithfully execute the trusts of the will and obey the surrogate’s orders in the course of the administration. The complaint avers a failure to do this in general terms and also charges specific instances of neglect. The complaint then goes on to state that the various neglects were presented in due form and upon notice to the executor to the proper surrogate who revoked the letters and subsequently settled the accounts of the executors thus delinquent and gave leave by order, for the plaintiff to prosecute the bond. Under the rule established in Hood v. Hood (85 N. Y., 561); Haight v. Brisbin (100 N. Y., 219), that the sureties of an executor’s bond are not liable until the default of their principal is established before the surrogate, this complaint is sufficient.
It is true it need not have set forth the defaults specifically as a preliminary averment to the surrogate’s order, .still if the order be set forth establishing the default these preliminary averments do no harm.
It is doubtful even if they would be stricken out on motion. It cannot be bad pleading to charge a default in general terms and follow it up by an averment that the proper court had so determined by order or judgment.
There is no improper joinder of parties plaintiff. The plaintiff is now the executor of the estate. • She was and is interested under the will and other legatees under the will are also. The plaintiff represents all parties. The statement that the action is brought on behalf of the estate and of all parties interested in it does not constitute what is technically known as improper joinder of parties. There is but one plaintiff and the demand cannot exceed the amount due on the bond and it is entirely immaterial to the defendant as a matter of pleading where the law sends the money.
The order sustaining the demurrer to the complaint ¡should therefore be reversed and the demurrer be overruled with costs, but with leave to defendant to answer over on payment of costs and costs of the appeal.
Pratt, J., concurs; Dykman, J., not sitting.