(86 App. Div. 495.)

### LEVETT v. POLHEMUS et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. COMPLAINT—DISMISSAL—ANSWER.
   A complaint by a legatee to compel executors to sell land and to account, which states no cause of action, is to be dismissed, though some of the defendants by their answer ask for construction of the will.

2. EXECUTORS—ACTION AGAINST—COMPLAINT.
   A complaint by a legatee against executors, to compel them to sell land and to account, alleging merely that plaintiff has for several months been prejudiced by the executors' failure to agree on a price for which the land should be sold, does not present a case for a court of equity; the will giving the executors discretionary power as to disposition of the land, and declaring them liable only for malfeasance, and the surrogate having power on an accounting to charge them with loss to the estate from bad faith.

3. HARMLESS ERROR.
　　A complaint to compel executors to sell land being properly dismissed, plaintiff cannot complain that the order of dismissal, in effect, directed the executors to sell in a certain time.

Appeal from Trial Court, New York County.

Action by Priscilla Levett against Horace G. Polhemus and others. From a judgment dismissing the complaint on the opening, plaintiff and defendants Edward T. Crispe and others appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

O. B. Gould, for appellant Levett.
George P. Breckenridge, for appellants Crispe and others.
Charles J. McDermott, for respondent T. N. Polhemus.
James Parker, for respondent H. G. Polhemus.

WOODWARD, J. The plaintiff, Priscilla Levett, is a legatee and devisee under the last will and testament of Emma Crispe Polhemus, deceased, and brings this action to compel the executors of the will to sell certain land, and to account for their administration of the estate. It is conceded that all of the legatees and devisees under the will have been provided for as the will directs, except in respect to the proceeds of this real estate, which the plaintiff claims is not worth more than $8,500; and there is no suggestion that the defendants have been guilty of any fraud or misconduct, except that it is alleged they have failed to agree as to the price of the property in dispute, and that this has resulted in prejudice to the plaintiff for a period of several months. Several other persons, who have been brought into the action as defendants, and who occupy the same relation to the premises that is held by the plaintiff, answer and demand the same relief as that sought in the complaint; and the defendant John Crispe, individually, demands an interpretation of the will. Bertha T. Hoage, one of the defendants, denies some of the material allegations of the complaint. Prior to the commencement of this action various orders had been granted, authorizing the sale of the premises in dispute; but, owing to the fact that the defendant John Crispe had failed to comply with the same, the property had not been disposed of, although it seems reasonably certain that the same might have been sold for $10,000, less some taxes, water rates, etc., which had, through the neglect of the same defendant, become liens upon the premises. The action came on for trial at Special Term in September, 1902, and resulted in a dismissal of the complaint, on motion of the defendant Horace G. Polhemus, on the plaintiff's opening. The appeal comes to this court.

The will of the late Emma Crispe Polhemus, which is made a part of the complaint, provides in its twelfth clause that "no bond or other security be required of them, or either of them, for the performance of the duties hereinbefore imposed upon them; and that neither they nor either of them shall be held responsible to any one for mistakes or errors of judgment, or other or except for actual malfeasance in the performance of their duties as such executors." The complaint does not allege malfeasance on the part of any one, so that under the

terms of the will there was no cause of action stated against the executors, and the fact that some of the defendants may have asked for the construction of the will does not operate to give the complaint any greater vitality than it would have if no such pleadings were made on the part of the defendants.  If the complaint does not state a good cause of action—if the plaintiff is without the right to maintain the action—then there is no reason for the introduction and settlement of collateral questions.  The defendants are deprived of no rights. They stand in exactly the same position that they would have been in had the plaintiff not moved in the matter, and they have no legal grievance because the plaintiff has failed to maintain her action.  In considering this appeal, therefore, we are concerned only with the case presented by the plaintiff, and we are of opinion that the learned court at Special Term properly disposed of the case, which was one peculiarly within the jurisdiction of the Surrogate's Court, and should have been submitted to that tribunal for adjustment.  The will of Emma Crispe Polhemus gave to her executors the power to sell the real estate, or to mortgage the same, and generally to deal with it in whatever manner should be determined upon by them in carrying out its purposes.  It was a discretionary power, and they were not to be answerable to any one for "mistakes or errors of judgment, or other or except for actual malfeasance"; and the mere allegation of the complaint, filed December 6, 1901, a year and nine months from the issuing of the letters testamentary, "that this plaintiff is, and for months last past has been, prejudiced by the failure of said executors to agree upon a sum for which said lands and premises should be sold pursuant to the terms of said last will and codicil," does not present a case for a court of equity.  In the absence of malfeasance, the plaintiff has no cause of action against the executors.  The plaintiff comes into her rights through the will, which she sets up as the foundation of her cause of action; and this will makes the transfer of the property to depend upon the exercise of the powers vested in the executors, who are answerable only for malfeasance.  Clearly, in the absence of malfeasance or misconduct which deprived the plaintiff of substantial rights, there is no occasion for a court of equity to interfere and make, in effect, a new will for the testatrix.  There is nothing in the case to indicate any bad faith on the part of the defendant Horace G. Polhemus; there is nothing from which the inference may be fairly drawn that the plaintiff will suffer any injury from a mere delay in carrying out the powers vested in the executors; and, as suggested in the case of Haight v. Brisbin, 100 N. Y. 219, 222, 3 N. E. 74, there is no doubt that the Surrogate has the power, upon an accounting, to charge the executors with any loss to the estate resulting from negligence or bad faith.  "While it is true," say the court, "that in the first instance that court could not order the sale of the real estate, and take upon itself the discretion and judgment committed to the executor, it could certainly reach the justice of the case by its power of removal and its authority upon an accounting."  There being no allegation of malfeasance, no suggestion of fraud or collusion on the part of the executors, this action on the part of the plaintiff is merely one for an accounting, which is clearly within the jurisdiction of the

Surrogate's Court; and the rule is well established that when com-plete relief can be obtained in a Surrogate's Court a court of equity will decline to entertain an action against executors. Shorter v. Mackey, 13 App. Div. 20, 24, 43 N. Y. Supp. 112, and authorities there cited. This is, in effect, what the learned court at Special Term did; it refused to entertain jurisdiction of a matter which belonged to the jurisdiction of the Surrogate's Court; and the fact that this was coupled with a direction that, "upon the completion of a sale of the premises mentioned in the complaint within thirty days from the date of entry of this order, all orders heretofore entered in said cause be, and the same are hereby, vacated, and that the complaint be dismissed," does not affect the question. The court had a right to dismiss the complaint, and if the order, in the effort to make an intelligent disposition of what appears to be a needless controversy, went farther than this, and indicated what was to be expected of reasonable men, it was so far in favor of the appellants that they have no cause to complain. They contend that the property should be sold; the court has indicated to the executors that they may properly proceed to sell the same; and the accounting is properly left to the Surrogate's Court, where all the matters may be adjusted. Why should the plaintiff appeal from this order? It, in effect, gives the relief prayed for, if the demand for a sale of the real estate is made in good faith; and it assumes to dispose of the whole group of vexatious orders which have incumbered the record, and tended to obscure the real issue in the case. The court might properly have dismissed the complaint, and ended the matter there, but it has seen fit to go further; and to direct the executors, in effect, to carry out the expressed wishes of the plaintiff and those who are similarly situated; and yet they appeal, for reasons which, however satisfactory to themselves, do not impress this court as having substantial merit.

The judgment appealed from should be affirmed, with costs. All concur; BARTLETT, J., in result.