(120 App. Div. 667)

ROUSE v. PAYNE et al.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

GUARDIAN AND WARD—GUARDIAN'S BOND—LIABILITY OF SURETIES—ACCOUNTING—DECREE.

> Defendant W., having been appointed guardian of plaintiff, who was interested in an estate of which W. was administratrix, while administratrix, committed a devistavit of funds belonging to plaintiff, and which, though directed, she never paid over to herself as guardian after she was appointed and qualified. W. continued to act as guardian until April, 1902, when the letters were revoked, and defendant H. was appointed guardian in her place, and after plaintiff attained his majority W.'s account was opened and vacated, and she was decreed to pay plaintiff $2,000, with interest from October 1, 1901; but such decree did not contain a summary statement of the guardian's account settled, or refer to such a summary, as required by Code Civ. Proc. § 2551, and was not a final accounting, nor the result of a proceeding for an accounting. *Held*, that such decree was insufficient to determine the default of the guardian and to fix the liability of the sureties on her bond.

Appeal from Special Term, Essex County.

Action by William M. Rouse against Daniel F. Payne and another, impleaded with Carrie Q. Whitney and another. From a judgment in favor of plaintiff (102 N. Y. Supp. 899), defendants appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Francis A. Smith, for appellants.
J. S. Frost, for respondent.

SEWELL, J. The question presented by this appeal is the liability of the defendants Payne, Hodgkins, and Braman as sureties upon the bond given by the defendant Whitney as general guardian of the plaintiff. The condition of the bond was that the said Whitney should faithfully discharge the duty of a guardian and render a true and just account of all money and property received by her. The complaint in substance alleges, and the proof shows, that in January, 1895, the defendant Carrie A. Whitney was appointed administratrix of the estate of Thomas H. Rouse, deceased; that in April, 1900, a decree was duly made and entered in the Surrogate's Court of Essex county, judicially settling the account of the administratrix, in and by which she was directed to pay and distribute the sum of $4,584.47 to the general guardian of the plaintiff, when appointed; that on May 26, 1900,

letters of guardianship were issued to her, and she continued to act as such guardian until April, 1902, when her letters were revoked, and the defendant Samuel H. Hodgkins was appointed general guardian in her place. The pleadings admitted, and the court found, that $2,000 of the distributive share of the plaintiff were not in the hands of the administratrix at the time of making the decree; that before her appointment as such guardian, and while she was acting as sole administratrix, she invested the sum of $2,000, a portion of the estate, in the bonds of the Empire Loan & Investment Company; and that said bonds "constituted and were an illegal, improper, and unauthorized investment of said trust funds, and were and are wholly worthless."

The complaint does not allege an accounting before the surrogate, and the proof shows that the only accounting was in a proceeding instituted by one of the sureties to be released from further responsibility, and that as a result of the accounting a decree was made and entered November 20, 1900, wherein it was found and determined that the guardian had in her hands at that time the distributive share due to the plaintiff. It also appears that after the plaintiff had attained his majority a proceeding was instituted, by the petition of George M. Loukes, praying that the decree made upon the accounting of the guardian in 1900 be opened, vacated, and set aside on the ground of fraud; that an order was made requiring the defendant to show cause at a time and place therein stated why the prayer of the petitioner should not be granted; that it was duly served, and that on the 3d day of March, 1906, said proceeding terminated in a decree which vacated and set aside the decree of 1900, except as to the provisions thereof discharging the surety; and that it also "adjudged and decreed that the said Carrie A. Whitney pay to the said William Merriam Rouse the sum of $2,000, with interest thereon at 6 per cent. per annum from the 1st day of October, 1901." The case was tried upon the theory that the plaintiff was entitled to maintain an action against the sureties for a misappropriation which had occurred before the letters of guardianship were issued, and that the appellants were liable for the failure of Whitney to comply with the order of the surrogate to pay the plaintiff the sum of $2,000 and interest.

It is urged, on the part of the appellants, that the sureties never intended or expected to assume the responsibility of answering for the conduct of the administrator, and that it would be extending the scope and purpose of section 2596 of the Code beyond its apparent object to hold that the bondsmen of a guardian must make good the loss sustained by the misconduct of an administrator several years before the letters of guardianship were issued to her. A contrary view seems to have been taken in the case of Matter of Noll, 10 App. Div. 356, 41 N. Y. Supp. 765, affirmed 154 N. Y. 765, 49 N. E. 1101, and in Fardette v. U. S. F. & G. Co., 86 App. Div. 50, 83 N. Y. Supp. 521, where it was held that:

"It is no objection, available to the sureties on his official bond as guardian, for them to allege that prior to that time, or to the time of his appointment as guardian, he had misappropriated and converted to his own use the fund which came to him as administrator, and to which his ward was entitled. As he had

received such fund and had disposed of it in the administration of the estate, he in legal contemplation had it in his custody at the time the decree was made; and, for the purpose of the effectiveness of the obligation assumed by the sureties in his official bond as guardian, his liability to account for it conclusively charges him with having the requisite fund."

It is unnecessary to consider whether these decisions go to the extent claimed by the respondent, or are distinguishable from the case at bar, as the result of the authorities is that no action can be maintained against sureties on the bond of a general guardian until there has been an accounting before the surrogate and a decree or order made establishing the default and the extent of the deficiency. Hood v. Hood, 85 N. Y. 561; Haight v. Brisbin, 100 N. Y. 219, 3 N. E. 74; Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659; French v. Dauchy, 134 N. Y. 543, 31 N. E. 1041; Rieder v. Steinhauer, 15 Abb. N. C. 428. As was said by Judge Potter in Perkins v. Stimmel:

"There have been intimations that in some cases that there may be exceptions to the rule. yet I find no case out of the general rule, nor what extraordinary circumstances would suffice to take a case out of the rule."

The order or decree of the surrogate directing payment to the plaintiff is not of the character of a decree rendered upon a judicial settlement of the account of a guardian. It does not contain a summary statement of the account settled, or refer to such a summary. Code Civ. Proc. § 2551. It was not made on a final accounting, and does not purport to be the result of a proceeding for an accounting. On the contrary, it recites that it is based upon a decree made in the proceeding for the final settlement of the account of Samuel H. Hodgkins as substitute guardian of the plaintiff and upon the determination of the surrogate that the investment of the sum of $2,000 in the Empire Loan & Investment Company "was illegal, improper, and unauthorized, and that the said bonds are and were wholly worthless." I am of the opinion that the decree of 1906 was not sufficient to determine the default of the guardian, and did not fix the liability of the sureties upon the bond· of the guardian.

I think, therefore, that the judgment must be reversed, and a new trial granted, with costs to abide the event. All concur; SMITH, P. J., and KELLOGG, J., in result.