(66 Misc. Rep. 6.)

### FASSBENDER v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Special Term, Nassau County. January, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 467*)—FAILURE TO ACCOUNT—PRESUMP-
   TIONS.

   Where an administrator fails to account when required so to do, it raises a presumption of misappropriation of assets that have come to his hands.

   [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 467.*]

2. EXECUTORS AND ADMINISTRATORS (§ 534*)—FAILURE TO ACCOUNT—ACTION
   ON BOND.

   Where letters of an administrator have been revoked on his failure to account when required, a judicial determination of his liability by a decree of the court is unnecessary to an action by his successor on his bond.

   [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 534.*]

Action by Charles E. Fassbender, administrator, against the American Surety Company of New York. Judgment for plaintiff.

Maxson & Jones, for plaintiff.
Henry C. Willcox (Clarence Edwards, of counsel), for defendant.

SCUDDER, J. The essential facts established by plaintiff's evidence are as follows:

One John A. Lauck was appointed the administrator of the estate of his father, Adolph Lauck, deceased, and upon receiving letters of administration filed the usual administrator's bond, executed by himself as principal and the defendant herein as surety. By a decree of the Surrogate's Court said Lauck, as administrator, was directed to file his account. He neglected to do so, and his letters were revoked. Thereafter the plaintiff in this action was appointed administrator of the estate of said Adolph Lauck, deceased; and it is also sufficiently shown that John A. Lauck, while administrator, received the sum of $612.50 belonging to the estate of the decedent, which has not been turned over to or received by his successor, the plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Though the bond of an administrator in form runs to the people, in legal effect it runs to those to whom the right of action thereon is given by statute. The Code of Civil Procedure specially provides for an action on the bond of a removed administrator by his successor, "in which he may recover any money or the full value of any other property received by the principal in the bond and not duly administered by him." Section 2608.

The important question in the present case is whether or not the plaintiff has established that the money of the estate received by the removed administrator was "not duly administered by him." It was the duty of the removed administrator, when directed by the Surrogate's Court, to file a verified account of all receipts and disbursements, accompanied by proper vouchers for all payments made by him. He did not account, and he is therefore chargeable with the money he is shown to have received, and which did not come into the possession of the plaintiff, his successor. A presumption of a misappropriation by him of such money arises from his failure to account. Upon proof of the removed administrator's failure to account, plaintiff established, prima facie, such misappropriation; and it was upon the defendant surety to plead and prove that its principal duly applied and administered the money of the estate received by him.

Section 2608 of the Code of Civil Procedure, by providing that the successor administrator may recover money or the value of property received and not duly administered, would seem to expressly authorize the determination of these facts in the action which it permits the successor administrator to bring on the bond of his predecessor.

In support of his contention that a judicial determination of the liability of the principal by a decree of the Surrogate's Court was a prerequisite to plaintiff's action, defendant's counsel cites Haight v. Brisbin, 100 N. Y. 219, 3 N. E. 74; Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659; Rouse v. Payne, 120 App. Div. 667, 105 N. Y. Supp. 549; Otto v. Van Riper, 164 N. Y. 536, 58 N. E. 643, 79 Am. St. Rep. 673. These cases do not apply. In none of them was the plaintiff the successor of a removed executor, administrator, or guardian. The remedy given to such successor on the bond of his removed predecessor by section 2608 is wholly distinct from and independent of the remedies conferred upon other persons on the bonds of executors, administrators, or guardians by other sections of the Code of Civil Procedure. Hood v. Hayward, 124 N. Y. 1, 26 N. E. 331.

It was proper for plaintiff to sue the surety without joining his principal. The bond was joint and several.

Judgment for plaintiff for $612.50.