Matter of the Judicial Settlement of the Accounts of JANE M. SULLARD as Temporary Administratrix of the Estate of GEORGE F. SULLARD, Absentee.

(Surrogate's Court, Delaware County, January, 1921.)

Surrogates' Courts — jurisdiction — when real estate of surety not impressed with an equitable lien — executors and administrators — trustees.

Upon a stipulation between the temporary administratrix of an absentee and the substituted trustee, the amount of the defalcation or indebtedness of the absentee, as testamentary trustee, was agreed upon and approved by the surrogate and though no order was entered the amount so agreed upon was accepted by the administratrix as a claim against the estate of

the absentee. An order duly granted directing the sale of two certain parcels of real estate of the absentee provided that the right, lien or claim of priority of claimant or equities of the substituted trustee, who objected to the sale of one of the said parcels, be transferred to the avails from the sale of the said real estate and the right thereto determined when the matter of the disposition of the proceeds of the sale of both parcels came before the court for determination. The father of the absentee who was one of the sureties on .his official bond as testamentary trustee, devised the parcel, the sale of which was objected to by the substituted trustee, to his widow for life, since deceased, then to the absentee. Upon the judicial settlement of the accounts of the administratrix, all necessary parties being in court, *held,* that the court had jurisdiction to determine the rights of the various creditors and claimants to payment out of the proceeds of the real estate including the parcel devised to the absentee by his father's will.

The claim of the substituted trustee to be entitled to priority or preference of payment from the proceeds of the sale ·of the real estate devised to the absentee, on the ground that he received it impressed with an equitable lien from his father who was surety for the faithful performance of the absentee's official duties as testamentary trustee and also subject to the absentee's liability as an heir of such surety, cannot be allowed and the proceeds of sale must be applied *pro rata* in satisfaction of all of the obligations of the absentee.

JUDICIAL settlement of accounts of temporary administratrix involving also the disposition of the proceeds of the sale of certain real estate for the payment of debts.

George F. Sullard, a resident of the town of Franklin in the county of Delaware, disappeared on the 27th day of June, 1916, and has not since been heard from. On the 15th day of July, 1916, his wife, Jane M. Sullard, was appointed temporary administratrix of his estate. The estate has since been administered under the provisions of the Code of Civil Procedure as that of an absentee.

The administratrix reduced the personal property

19

to cash and a decree was made in this proceeding on the 31st day of May, 1918, settling the account to such date and directing the payment of a dividend of twenty-four per cent to the creditors of the absentee.

The absentee was trustee under the last will and testament of Anna D. Lockwood, deceased, for the benefit of Nellie Gilliland and Josephine Otis. Subsequent to the disappearance of George F. Sullard, application was made to the Supreme Court for the appointment of a substituted trustee and an order was made appointing Clinton F. McHenry as substituted testamentary trustee of the estate of Anna D. Lockwood. Such order further directed the absentee and the temporary administratrix to account for all the acts and proceedings of said George F. Sullard as such testamentary trustee.

It appears from the record that thereafter the administratrix filed an account in the Supreme Court but it does not appear whether an order was made in relation thereto or not. The record discloses that the substituted trustee presented a claim against the estate of the absentee, and such claim was compromised, adjusted and accepted as a claim against the estate of the absentee at the sum of $2,370.80 as of May 31, 1918.

A proceeding was thereafter instituted by the temporary administratrix for an order directing the sale of the real estate of the absentee for the payment of debts. It appears from the petition in such proceeding that the real estate consisted of two parcels, one designated as parcel No. 1, known as the " store property," and the other designated as parcel No. 2, known as the " house and lot." Upon the return day of the citation in such proceeding, the substituted trustee duly appeared and objected to the sale of that portion of the real estate designated as parcel No. 1

upon the ground that such real estate was owned by Albert E. Sullard, the father of the absentee and one of the sureties upon his official bond as trustee of the estate of Anna D. Lockwood, and alleging the absentee had failed to account for moneys received by him as such trustee, and the parcel in question was impressed with a lien in the sum of $2,370.80 in favor of the trust estate. An order was thereupon made by the then surrogate on the 28th day of October, 1918, directing the sale of both parcels, but providing, after reciting the objections of the substituted trustee, that the right, lien or claim of priority of payment or equities of the substituted trustee be transferred to the avails from the sale of the said real estate and the right thereto be determined when the matter of the disposition of the proceeds came before the court for determination. Parcel No. 1 was thereafter sold for the sum of $1,625.

It is conceded that parcel No. 1 was owned by Albert E. Sullard, the father of the absentee in his lifetime; that he was one of the sureties upon the bond of the absentee as trustee under the will of Anna D. Lockwood, which bond was executed on the 9th day of March, 1891; that Albert E. Sullard died November 19, 1898, leaving a last will and testament which was duly probated and that Sarah Sullard, the widow of Albert E. Sullard, died October 26, 1907.

It appears from the will of Albert E. Sullard that the real estate known as parcel No. 1 was devised to the widow for life and then to George F. Sullard, the absentee, he becoming the owner thereof upon the termination of the life estate of his mother.

The substituted trustee claims he is entitled to preference and to priority of payment from the proceeds of the sale of parcel No. 1, alleging the bond of the absentee and trustee was the joint and several obligation of the principal and sureties and bound

Surrogate's Court, Delaware County, January, 1921.    [Vol. 114.

themselves, their heirs, executors and administrators, thereby creating an equitable lien upon the real estate of the surety, Albert E. Sullard. He claims when the real estate passed under the will of Albert E. Sullard to the absentee, George F. Sullard, the absentee took the property devised to him subject to the liability of the surety upon the bond and impressed with an equitable lien, and for such reasons he is entitled to priority of payment, and the proceeds of the sale of said parcel should be first applied in payment of the amount it is conceded is due from the absentee as trustee.

Wm. F. White (Samuel H. Fancher, of counsel), for Jane M. Sullard, administratrix.

Albert F. Barnes, for Clinton F. McHenry, substituted trustee under the last will and testament of Anna D. Lockwood.

Seybolt & Seybolt, for Alton O. Potter.

Edwin A. Mackey, for George D. Chamberlain and others.

McNAUGHT, S.   The amount of the defalcation or indebtedness of George F. Sullard, the absentee, as trustee under the will of Anna D. Lockwood was agreed upon by a stipulation between the administratrix and the substituted trustee and approved by the then surrogate of the county of Delaware. The amount was fixed at the sum of $2,370.80. It does not appear that there has been a judicial settlement or an order entered in any court fixing this amount, but it appears to have been agreed upon and approved by the surrogate.

Two questions are presented for determination:

*First,* the jurisdiction of the Surrogate's Court to determine the rights of the various creditors and claimants to payment of their claims out of the proceeds of the sale of the real estate of the absentee, including parcel No. 1 devised to him by the will of his father, Albert E. Sullard. *Second,* whether the claim of the substituted trustee is entitled to priority or preference of payment over the claims of other creditors to the proceeds of parcel No. 1, the so-called store property owned by Albert E. Sullard in his lifetime.

All of the necessary parties are in court. Every person who could in any manner be interested in the determination of the questions involved is a party to this proceeding. There is no dispute as to title of the property sold, the source from which title was derived, or the amount of the proceeds. The claims against the absentee have been fixed and determined. The amount due the substituted trustee has been settled, agreed upon and approved by the surrogate. The sole question is whether the proceeds shall be applied *pro rata* to all the debts of the absentee or whether the substituted trustee is entitled to have all of the proceeds of the sale of the store property applied in payment of his claim.

The Surrogate's Court has jurisdiction upon a judicial settlement to try and determine all questions legal and equitable arising between all of the parties to the proceeding. Code Civ. Pro. § 2510. In proceedings to sell real estate for the payment of debts, the Surrogate's Court has jurisdiction to try and determine all claims, demands or charges relative to the proceeds of such sale. Code Civ. Pro. § 2706.

The surrogate has jurisdiction and power to determine the validity of all claims against or upon an estate. *People ex rel. Adams* v. *Westbrook,* 61 How.

Surrogate's Court, Delaware County, January, 1921. [Vol. 114.

Pr. 138; *Kammerrer* v. *Ziegler*, 1 Dem. 177; *Matter of Haxtun*, 102 N. Y. 157; *Matter of Pirie*, 133 App. Div. 431; *Matter of Roberts*, 214 N. Y. 369.

The claim of the substituted trustee to preference and priority of payment over all other creditors, of the proceeds of the sale of the store property, is based upon the theory that Albert E. Sullard, from whom the absentee derived title, and who was the owner of the property during his lifetime, being also a surety upon the bond of the absentee as trustee, had impressed such property with an equitable lien by becoming surety for the faithful performance of his official duties by the trustee. It is, therefore, contended that when the absentee received the property by devise from his father, he received it impressed with such lien and also subject to his liability as an heir of the surety.

Clearly the assumption of liability as a surety by Albert E. Sullard did not create any lien upon his real estate. The bond was a guaranty the principal would perform his duty. Until such time as a default occurred it was a contingent liability. It is not claimed that a default had occurred, nor that there was any existing debt due from Albert E. Sullard nor any claim against him aside from his contingent liability upon the bond at the time of his death.

The liability of Albert E. Sullard as surety was such that his liability upon the bond after his death became and remained the liability of his estate and his heirs. The death of one who is a surety upon an official bond does not relieve his estate of liability for the principal's after management of his trust. *Mundorff* v. *Wangler*, 57 How. Pr. 372; *Stevens* v. *Stevens*, 2 Dem. 469; *Holthausen* v. *Kells*, 18 App. Div. 80.

The obligation of the surety bound himself, his heirs, and legal representatives. The estate of the

Misc.] Surrogate's Court, Delaware County, January, 1921.

surety, and, therefore, his heir, George F. Sullard, was liable upon the bond for the subsequent default of the trustee, but there was no liability fixed and determined at the time of the death of Albert E. Sullard, the surety. The property, therefore, could not be sold, and it is not contended that it has been sold, as property of the surety to satisfy an obligation upon his part which was in the nature of a debt.

The exhaustive briefs presented by able counsel fail to call the attention of the court to a single authority in this or any other jurisdiction which is directly in point. Careful research has failed to disclose a case where the same claim has been made under a similar state of facts.

The situation presented resolves itself into this condition. The principal by devise becomes the owner of the real property of his deceased surety. He, therefore, is principal and as heir of the surety vested with the estate still liable upon the bond. A default occurs (when does not appear) and it is determined there is due from the estate of the principal a certain sum (in this case, $2,370.80). The successor of the principal now claims to be entitled to the full proceeds of the parcel of real estate which has so descended by devise to the original trustee because he received it impressed with a lien. This contention it is impossible to sustain as the bond itself created no lien.

The only other theory upon which the claim of the substituted trustee could be sustained is under the provisions of section 101 of the Decedent Estate Law, formerly section 1843 of the Code, which provides: " The heirs of an intestate, and the heirs and devisees of a testator, are respectively liable for the debts of the decedent, arising by simple contract, or by specialty, to the extent of the estate, interest, and right in the real property, which descended to them

Surrogate's Court, Delaware County, January, 1921. [Vol. 114.

from, or was effectually devised to them by, the decedent.''

The liability upon the death of the surety became not the liability of the testator Albert E. Sullard, but of the estate held by the devisee George F. Sullard to perform created by reason of the execution of the bond by the surety. When the property descended by devise to George F. Sullard, the estate was liable for the debts of Albert E. Sullard and also responsible to answer for his liability as surety upon the bond; but at that time the liability was only contingent, it was not fixed and determined, and no debt actually existed on the part of Albert E. Sullard. If no lien upon the land was created by the mere execution of the bond, and if no debt existed at the death of Albert E. Sullard, then all the liability of George F. Sullard was his obligation as heir holding the estate to perform as surety upon the bond if called upon to do so.

Section 101 of the Decedent Estate Law does not create an absolute liability against the heirs, but merely provides a method for enforcing an existing liability of the decedent against his assets which have come into the hands of his heirs. *Hill* v. *Moore*, 131 App. Div. 365.

The liability under this provision extends only to the real property acquired by descent or devise at the time of the decease, and does not reach that which may be made out of it by the skill, management or labor of the heir or devisee. *Clift* v. *Moses*, 116 N. Y. 144, 158.

An action under section 101 of the Decedent Estate Law is not an action to *enforce*, but an action to *acquire* a lien upon real property, and to authorize its sale for the purpose of satisfying a debt. *Rogers* v. *Patterson*, 79 Hun, 483; *Covell* v. *Weston*, 20 Johns.

414; *Hauselt* v. *Patterson,* 124 N. Y. 349; *Mortimer* v. *Chambers,* 63 Hun, 335.

It is an action in equity having the nature of a proceeding *in rem* in such sense that when the land has not been aliened by the heir, the judgment must direct that the debt of the plaintiff be collected out of the real property. *Hauselt* v. *Patterson, supra.*

" The basis of the action is the debt which the deceased owed the plaintiff; but that is not the gist of it. It is not an action for the recovery of money only, although the ultimate object of it is to obtain money; * * * but it is an equitable action to reach certain real estate, which the deceased devised to the defendants and to authorize its sale for the purpose of satisfying a debt that the deceased owed the plaintiff. It is strictly an action *in rem.*" *Wood* v. *Wood,* 26 Barb. 356.

The general rule is well settled that sureties are not liable until there is a default of their principal, and such default has been established. It has been repeatedly held that no action can be maintained against such sureties until an accounting has been had, or until their principal or personal representative has disobeyed some valid order or decree of the court having jurisdiction. *Hood* v. *Hood,* 85 N. Y. 561; *Rouse* v. *Payne,* 120 App. Div. 667; *Haight* v. *Brisbin,* 100 N. Y. 219; *Perkins* v. *Stimmel,* 114 id. 359; *French* v. *Dauchy,* 134 id. 543.

In the administration of this estate it has been determined that the absentee as trustee under the will of Anna D. Lockwood is indebted to the trust estate in a certain sum. The substituted trustee has presented a claim and the claim has been compromised and adjusted and the amount determined to be due the substituted trustee representing the trust estate has been fixed. The estate of the absentee is liable to the

substituted trustee as a creditor the same as it is liable to other creditors. The substituted trustee now seeks under this state of facts to procure a decree directing the proceeds of the sale of the property which came to the absentee from his father, the surety, shall be paid to him in satisfaction of such debt in preference, and **prior** to the claims, of all other creditors.

As before stated no case directly in point has come to the attention of the court, although it has been held that a creditor holding a specialty debt due from an intestate and coming against the estate of his administrator on account of a devastavit can only take equally with such administrator's simple contract creditors. *Carow* v. *Mowatt,* 2 Edw. Ch. 56.

The claim of the substituted trustee cannot be allowed. The property owned by the absentee and which was sold in this proceeding for the payment of his debts must be applied *pro rata* in satisfaction of all of his obligations.

The estate of the absentee is liable as principal to account for the trust funds in his possession, but the remedy as to the sureties, if the funds coming into the hands of the temporary administratrix are insufficient to pay all of the debts, including such fund, is not in this proceeding.

A decree may be prepared in conformity with this opinion. The question of allowances will be held open until such time as the decree is noticed for settlement.

Decreed accordingly.