John D. Bennett, S.
The court has been requested to sign an order directing Constance Collins Snow to show cause why she should not be punished for contempt.
The alleged contempt is twofold. The first allegation is that she refuses and willfully disobeys a decree of this court with respect to the sale of certain property. The second alleged contempt is that the executrix testified falsely with respect to the amount she received for certain property.
As to the first allegation, there is no decree or order of this court of November 4, 1959 or other date, directing the executrix to sell. There is on the record of this court of November 4, 1959 a stipulation and agreement in which the executrix agreed to make the sale with all reasonable dispatch, which agreement the court approved. That is not sufficient to lay the basis for a contempt proceeding. There must be a decree or order of the court (Surrogate’s Ct. Act, § 84).
The second basis of contempt is that the executrix is alleged to have testified falsely. Falsity of testimony is not alone suffi *1090 cient on which to base a contempt, bnt such false testimony must be given with an obstructive, evasive or contumacious intent. No such intent is shown in the papers submitted.
The court declines and refuses to sign the order to show cause for the reasons stated above. The facts presented in this application may well be the basis of a proceeding to remove the executrix or revoke her letters under section 99 of the Surrogate’s Court Act (Haight v. Brisbin, 100 N. Y. 219). However, a contempt proceeding will not lie.
No order need be submitted on this decision unless the applicant so desires.